# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AQUA LOGIC, INC., a California Corporation,<br><br>                              Plaintiff,<br><br>  vs.<br><br>AQUATIC LOGIC, INC., an Illinois Corporation; DOMENIC VITRO; and DOES 1 through 10, inclusive,<br><br>                              Defendants. | **CASE NO. 09-CV-1791 H (BLM)**<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

Plaintiff Aqua Logic, Inc. filed a complaint against Aquatic Logic, Inc. and Domenic Vitro ("Defendants") on August 17, 2009. (Doc. No. 1.) On August 31, 2009, Plaintiff filed a motion seeking a preliminary injunction. (Doc. No. 4.) A hearing on that motion was set for October 5, 2009 and rescheduled for October 13, 2009. On September 25, 2009, Defendants filed a motion to dismiss Plaintiff's complaint for lack of personal jurisdiction. (Doc. No. 25.) On October 8, 2009, the Court issued an order requesting that the parties be prepared to address the Court's personal jurisdiction over Defendants at the October 13, 2009 hearing. (Doc. No. 32.) Plaintiff filed a response in opposition to Defendants' motion to dismiss for lack of personal jurisdiction on October 12, 2009. (Doc. No. 38.) The Court held a hearing focused on Plaintiff's preliminary injunction motion on October 13, 2009 at 10:30 a.m. in courtroom 13. Cindy A. Brand and Ross G. Simmons appeared on behalf of Plaintiff and Benjamin Davidson appeared on behalf of Defendants. Both Plaintiff and Defendants had an

opportunity to discuss Defendants' motion to dismiss Plaintiff's complaint for lack of personal jurisdiction. On October 19, 2009, Plaintiff filed a supplemental briefing in opposition to Defendants' motion to dismiss and a request for judicial notice. (Doc. Nos. 45 & 46.) Defendants did not file a reply. The Court exercises its discretion to decide this matter on the papers pursuant to Local Civil Rule 7.1(d)(1).

For the reasons set forth below, the Court denies Defendants' motion to dismiss Plaintiff's complaint for lack of personal jurisdiction. The Court grants Plaintiff's request for judicial notice to the extent the offered documents are properly subject to judicial notice.

## **BACKGROUND**

Plaintiff Aqua Logic, Inc. is a California corporation. (Doc. No. 37 ¶ 2.) Plaintiff is the owner of United States Trademark Registration No. 2,353,216 and has used the Aqua Logic mark and trade name for almost twenty years. (Id. ¶¶ 4, 6.) Plaintiff is a product supplier in the aquatic industry. (Id. ¶ 3.)

Defendant Aquatic Logic, Inc. is a corporation with its principal place of business in Lisle, Illinois. (Doc. No. 14 ¶ 2.) The name Aquatic Logic was trademarked on September 10, 2008, and the company was incorporated under the same name in Illinois on April 27, 2009. (Id. ¶ 4-5.) Defendant Aquatic Logic specializes in the sale of various water treatment products used for outdoor ponds. (Id. ¶ 3.) Defendant Domenic Vitro ("Defendant Vitro") alleges that virtually all of Defendant Aquatic Logic's sales occur through distributors or manufacturing representatives rather than through individual stores or customers. (Id. ¶ 7.)

Defendant Vitro is the founder and president of Aquatic Logic, Inc. (Id. ¶ 2.) He is a resident and citizen of Illinois. (Id. ¶ 1.) On or around September, 2008, Defendant Vitro launched the website "www.aquaticlogic.com." (Id. ¶ 6.) Plaintiff alleges that Defendant Vitro also personally owns the websites "www.aquaticlogic.org," "www.aquaticlogic.net" and "www.bestbuypondsupply.com." (Doc. No. 1 Ex. 5; Doc. No. 47 Ex. B.)

///

///

The website "www.aquaticlogic.com" is passive–customers cannot order products directly from the website. (Doc. No. 14 ¶ 6.) Instead, interested parties must place orders over the phone. (Id.) The website "www.bestbuypondsupply.com" is active–customers can place orders for Aquatic Logic, Inc. products directly through the website. (Doc. No. 47 Ex. A.)

Defendants allege that they have placed advertisements in nationwide magazines, but have never placed an advertisement in a publication directed specifically at Californians. (Doc. No. 14 ¶ 9.) Plaintiff alleges that many of the publications in which Defendants advertise are based in California. (Doc. No. 37 ¶¶ 8-9, 11.) These publications include <u>Pond Trade Magazine News</u>, <u>Watershapes Plus</u>, <u>Pondbiz</u>, and <u>Water Garden News</u>. (Id.) Additionally, Plaintiff alleges that Defendants list their products for sale on the website of Laugna Koi Ponds, which is located in Laguna Beach, California, and that consumers can order Aquatic Logic products directly from the website. (Id. ¶ 7.) Ross Simmons, one of Plaintiff's attorneys, states that he ordered Defendants' product from Laguna Koi Pond's website on October 1, 2009. (Doc. No. 35 ¶¶ 1-2.)

With respect to product sales, Defendant Domenic Vitro alleges that, to his knowledge, "Aquatic Logic has only made one sale to a company located in the State of California during the year of its existence, for only about $500." (Doc. No. 14 ¶ 8.) Plaintiff has presented evidence of one Aquatic Logic sale to Sea Life Designs, a dba for Laguna Koi Ponds, for $595.25. (Doc. No. 37 ¶ 12.) Plaintiff is aware of this sale because the check was inadvertently sent to Plaintiff instead of Defendants. (Doc. No. 38 at 3.)

## DISCUSSION

### I.   Motion to Dismiss for Lack of Personal Jurisdiction - Legal Standard

Federal Rule of Civil Procedure 12 allows a defendant to file a motion to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The party seeking to invoke the court's jurisdiction "has the burden of establishing that jurisdiction exists." <u>Data Disc, Inc. v. Sys. Tech. Assocs., Inc.</u>, 557 F.2d 1280, 1285 (9th Cir. 1977). To survive a motion to dismiss, a plaintiff must submit materials that "demonstrate facts which support a finding

of jurisdiction." Id. "Conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).

"When no federal statute specifically defines the extent of personal jurisdiction," district courts will "look to the law of the state where [the court] sits." Menken v. Emm, 503 F.3d 1050, 1056 (9th Cir. 2007). California law provides that a court "may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. Consistent with Constitutional due process, a court may exercise personal jurisdiction over a defendant only if he has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotes omitted).

There are two forms of personal jurisdiction – general jurisdiction and specific jurisdiction. Boschetto v. Hansing, 539 F.3d 1011, 1016 (9th Cir. 2008). General jurisdiction turns on the defendant's contacts with the forum, while specific jurisdiction is based on the relationship between the defendant's forum contacts and the plaintiff's claims. Menken, 503 F.3d at 1056-57. The Court considers each type in turn.

## II.  General Jurisdiction

"For general jurisdiction to exist over a nonresident defendant," the defendant must engage in "continuous and systematic general business contacts that approximate physical presence in the forum state." Schwarzenegger, 374 F.3d at 801 (quotation marks and citations omitted). "Longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets are among the indicia of such a presence." Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1172 (9th Cir. 2006). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). "This is an exacting standard,

1  as it should be, because a finding of general jurisdiction permits a defendant to be haled
2  into court in the forum state to answer for any of its activities anywhere in the world."
3  Schwarzenegger, 374 F.3d at 801.
4        Plaintiff argues for general jurisdiction over Defendants based on their presence on
5  the internet, the sale of their products on the Laguna Koi Ponds website, and their
6  advertisements in California publications. (Doc. No. 38 at 4.) These contacts, however,
7  fall far short of showing that Defendants have engaged in "continuous and systematic
8  general business contacts that approximate physical presence in the forum state."
9  Schwarzenegger, 374 F.3d at 801 (quotation marks and citations omitted). Accordingly,
10 the Court concludes that Plaintiff has failed to demonstrate facts showing that general
11 jurisdiction over Defendants is consistent with due process.

12 **III.    Specific Jurisdiction**

13       To determine whether the Court may exercise specific jurisdiction based on the
14 relationship between Plaintiff's claims and the forum, the Court applies a three-prong test.
15 For specific jurisdiction to be proper: "(1) [t]he non-resident defendant must purposefully
16 direct his activities or consummate some transaction with the forum or resident thereof; or
17 perform some act by which he purposefully avails himself of the privilege of conducting
18 activities in the forum, thereby invoking the benefits and protections of its laws; (2) the
19 claim must be one which arises out of or relates to the defendant's forum-related activities;
20 and (3) the exercise of jurisdiction must comport with fair play and substantial justice."
21 Schwarzenegger, 374 F.3d at 801-02. Plaintiff bears the burden of establishing that the
22 first two prongs of the test are satisfied. Id. at 802. "If the plaintiff succeeds in satisfying
23 both of the first two prongs, the burden then shifts to the defendant to 'present a compelling
24 case' that the exercise of jurisdiction would not be reasonable." Id. (citing Burger King
25 Corp. v. Rudzewicz, 471 U.S. 462, 476-78 (1985)).
26 ///
27 ///
28 ///

### A.    Purposeful Availment or Direction

"We often use the phrase 'purposeful availment,' in shorthand fashion, to include both purposeful availment and purposeful direction, but availment and direction are, in fact, two distinct concepts. A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." Schwartzenegger, 374 F.3d at 802 (citations omitted). Here, Plaintiff's complaint alleges trademark infringement and other related claims which are more akin to tort than contract actions. See Brayton Purcell LLP v. Recordon & Recordon, 575 F.3d 981, 985-86 (9th Cir. 2009) (finding that a copyright infringement claim is often characterized as a tort). A purposeful direction analysis is therefore appropriate.

Courts evaluate purposeful direction under a three-part "effects" test derived from the Supreme Court's decision in Calder v. Jones, 465 U.S. 783 (1984). The test "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Dole Foods Co., Inc. v. Watts, 303 F.3d 1104, 1111 (2002); Schwartzenegger, 374 F.3d at 803.

1. Intentional Act

The Ninth Circuit "'construe[s] 'intent' . . . as referring to an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act.'" Brayton, 575 F.3d at 986 (quoting Schwartzenegger, 374 F.3d at 806). Here, Plaintiff alleges that Defendants intentionally placed advertisements in magazines and trade journals based in California, advertised on the website of Laguna Koi Ponds, which is located in California, and made at least one sale to Laguna Koi Ponds in California. (Doc. No. 37 ¶¶ 7-9, 12.) Defendants allegedly engaged in all of these acts after being notified of the conflict with Plaintiff's registered trademark. (Doc. No. 38 at 7.) Based on this information, the Court concludes that Plaintiff has presented sufficient facts to satisfy the "intentional act" element of the effects test.

///

2. Expressly Aimed

It is well settled in the Ninth Circuit that "maintenance of a passive website alone cannot satisfy the express aiming prong." Brayton, 575 F.3d at 986. However, "operating even a passive website in conjunction with 'something more'–conduct directly targeting the forum–is sufficient to confer personal jurisdiction." Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1020 (9th Cir. 2002); see Brayton, 575 F.3d at 986. In reference to the "something more" required for express aiming, the Brayton court stated that defendant "had every reason to believe prospective clients in Southern California would see the website–indeed, attracting new business was the point. [Defendant] also knew its conduct was likely to confuse and deceive potential clients as to the source of the . . . material." Brayton, 575 F.3d at 988. Similarly, in this case, Defendants had every reason to believe that prospective customers in Southern California would see the advertisements they placed in California-based publications and Laguna Koi Pond's California-based website. As was the case in Brayton, attracting new business was the clear purpose of Defendants' actions. Moreover, Defendants allegedly placed the advertisements with knowledge of the similarity of the two marks and were therefore aware their conduct could confuse potential customers in the forum. (See Doc. No. 38 at 7.) Plaintiff also alleges that Defendant Vitro owns the active website located at "www.bestbuypondsupply.com" and that California customers can buy Defendants' products directly from the website. (Doc. No. 47 Ex. A.) Finally, Defendants have made at least one sale to a customer in California. (Doc. No. 14 ¶ 8.) Taken together, these facts lead the Court to conclude that the express aiming prong is satisfied.

3. Causing Foreseeable Harm in the Forum State

The third element of the effects test "is satisfied when defendant's intentional act has foreseeable effects in the forum." Brayton, 575 F.3d at 988. It does not require that the brunt or even the bulk of the harm be suffered in the forum. Id. In this case, Plaintiff is a California corporation with its principal place of business in Southern California. Plaintiff contends that Defendants intentionally advertised and sold products with an allegedly

infringing mark in California. The foreseeable effect of these actions is that Plaintiff will be harmed in the forum. Accordingly, the Court finds that the final prong of the effects test is satisfied.

**B.     Relation to Forum-Related Activities**

"Part two of our analysis requires that the litigation arise out of or relate to the defendant's forum-related activities. This step explores the relationship between the cause of plaintiff's harm and the defendant's acts identified as creating purposeful contacts with the forum state." Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987). Here, Plaintiff's claims arise from Defendants' alleged infringement on Plaintiff's trademark and trade name. Plaintiff contends that Defendants have used the allegedly infringing name and mark in California-based publications and on a California-based website. Additionally, Plaintiff argues that potential customers in California can view Defendants' allegedly infringing website, "www.aquaticlogic.com." Since Defendants have used the allegedly infringing mark to solicit business in California, thereby creating the possibility of confusion in the forum, the Court concludes that the litigation relates to Defendants' forum-related activities.

**C.     Reasonableness**

Finally, the Court must determine the reasonableness of its assertion of jurisdiction over Defendants by considering "such factors as: the extent of defendant's purposeful interjection into the forum state; the burden on the defendant; the plaintiff's interest in convenient and effective relief; the most efficient forum for judicial resolution of the dispute; the forum state's interest in adjudicating the dispute; and the extent of the conflict with the sovereignty of the defendant's state." Sher v. Johnson, 911 F.2d 1357, 1364 (9th Cir. 1990). Here, Defendants have failed to "present a compelling case" that the exercise of jurisdiction is unreasonable. Burger King Corp., 471 U.S. at 477. Plaintiff is a California corporation that alleges it has suffered harm in the forum. Plaintiff has presented evidence that Defendants sell products on a California business' website, that they market their products in California publications, and that they ship products directly to

California. Defendants have presented no evidence that they face a particular burden litigating in the forum or that another forum would be more efficient for judicial resolution of the dispute. Accordingly, the Court finds that the exercise of jurisdiction over Defendants is reasonable.

## **CONCLUSION**

For the reasons discussed above, the Court denies Defendants' motion to dismiss Plaintiff's complaint for lack of personal jurisdiction.

**IT IS SO ORDERED**.

DATED: October 29, 2009

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:

All parties of record